IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DeWAYNE WASHINGTON,

    Plaintiff,                    No. CIV S-04-2510 FCD DAD P

    vs.

BEAMS, et al.,

    Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $150.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his complaint, plaintiff alleges that defendants, who are physicians and surgeons at High Desert State Prison, failed to follow Department of Corrections procedures in

treating plaintiff for Hepatitis-C. Plaintiff contends that he was injected with interferon before a liver biopsy was performed and that the interferon treatment he was administered is authorized for persons at stage three or four, while plaintiff was only at stage one of his illness. Plaintiff claims that defendants violated the Eighth Amendment and that they committed negligence and malpractice in the medical treatment they provided.

To prevail on an Eighth Amendment claim of inadequate medical care, plaintiff must prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991)

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. In demonstrating the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, then he must show that prison officials responded to the serious medical need with deliberate indifference. Proof that the defendants acted with deliberate indifference is required to satisfy the subjective prong of the two-part test applicable to Eighth Amendment claims. See Farmer, 511 U.S. at 834. Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of

due care for the prisoner's interests or safety.'" <u>Farmer</u>, 511 U.S. at 835 (quoting <u>Whitley</u>, 475 U.S. at 319). Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. <u>See</u> <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1334 (9th Cir. 1981).

Plaintiff has provided copies of his inmate grievance and the decisions issued by prison officials in response thereto at the three levels of review. At the first level of review, plaintiff's appeal was denied with the following findings:

> Treatment protocols change over time. When you first received Hepatitis C treatment a liver biopsy was not considered necessary. In 2003 the CDC treatment protocol changed to include a biopsy to "stage" the disease. The biopsy that was done in 2003 only determines if you are a candidate for treatment in 2003; it does not indicate if you were or were not a candidate in 1999. If the Interferon and Ribavirin that you took was effective, it would have improved your liver condition. In other words you may have been at stage three in 1999 but with treatment your liver could have improved to stage one.

(Compl., Attach., Memorandum, dated Feb. 5, 2004, "First Level Appeal Response," at 1.) At the second level, plaintiff's administrative appeal was also denied with the following comment:.

> Your medical record was again reviewed. You acknowledged that you should have not initially been treated with Interferon and Ribavirin since 1999 for over one year. However it is evident that your treatment lowered or lessened your degree of hepatitis (probably from a State III or IV, down to a Stage I). In essence your liver condition was improved with that treatment period. Our knowledge and method of treating patients with hepatitis C is forever improving. The medical treatment, which you received, was not harmful to you in any way.

(<u>Id.</u>, Attach., CDC Pleasant Valley State Prison-Coalinga, Supplemental Page, dated 3-30-04, at 1.) Finally, on June 16, 2004, plaintiff's appeal was denied at the Director's level of review.

As the court indicated above, in order for plaintiff to state a cognizable Eighth Amendment claim, he must provide factual allegations demonstrating the defendants' deliberate indifference to plaintiff's medical care. Instead, the allegations of the complaint as summarized above demonstrate that plaintiff has a difference of opinion with prison medical staff regarding

4

the appropriate medical treatment for his condition.  This is not sufficient for an Eighth Amendment claim.  The court will dismiss the complaint and grant plaintiff leave to file an amended complaint that supports his claim that defendants were deliberately indifferent to his medical care.[1]

If plaintiff chooses to amend the complaint, he must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

---

[1] A prisoner may not bring a civil action in federal court, or appeal such an action, in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  A case dismissed for failure to state a claim counts as a so-called "strike" under this statutory provision.

1   2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.
2 The fee shall be collected and paid in accordance with this court's order to the Director of the
3 California Department of Corrections filed concurrently herewith.
4   3. Plaintiff's complaint is dismissed.
5   4. Plaintiff is granted thirty days from the date of service of this order to file an
6 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
7 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
8 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must use
9 the form complaint provided by the court; plaintiff must file an original and two copies of the
10 amended complaint; failure to file an amended complaint in accordance with this order will result
11 in a recommendation that this action be dismissed.
12   5. The Clerk of the Court is directed to provide plaintiff with the court's form
13 complaint for a section 1983 action.
14 DATED: August 22, 2005.

               /s/ Dale A. Drozd
               DALE A. DROZD
               UNITED STATES MAGISTRATE JUDGE

DAD:4
wash2510.14