| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DeWAYNE WASHINGTON,

    Plaintiff,                    No. CIV S-04-2510 FCD DAD P

    vs.

BEAMS, et al.,

    Defendants.               <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's amended complaint.

        Plaintiff suffers from Hepatitis C and claims that he received inadequate medical care from five doctors at High Desert State Prison from 1999 to 2002. Plaintiff also claims that the defendant doctors were negligent and committed medical malpractice. In his amended complaint, plaintiff contends that he was treated with Interferon for two years and nine months and that this treatment should not have exceeded forty-eight weeks. (Am. Comp. at 3[1].)

---

[1] This court has implemented the Case Management/Electronic Case Files (CM/ECF) docketing and file system which allows pleadings and documents to be electronically filed by the parties. For pleadings or documents that are submitted in paper format, the filing is scanned and stored electronically into the court's CM/ECF system. Each page of the electronic filing is

1

1 | Although his doctors informed plaintiff that there were possible side effects from the Interferon
2 | injections (including muscle pain, achiness, and nausea), plaintiff contends that he experienced
3 | severe pain and frequent vomiting. (Id. at 4.) Medication was prescribed to reduce the nausea,
4 | but it continued. (Id.) Plaintiff also contends that although he gave consent to be treated with
5 | Interferon, that consent was conditioned upon plaintiff receiving a liver biopsy and other
6 | laboratory studies. (Id.) In 2003, an M.R.I. was performed revealing that plaintiff has some
7 | damaged "nerve roots" which he contends is causing the pain and numbness in his arms and was
8 | caused by the Interferon injections. (Id. at 5.)

In the court's August 22, 2005 order directing plaintiff to file an amended complaint, plaintiff was advised that he needed to provide additional allegations to demonstrate that defendants were deliberately indifferent about his medical care. The court also noted that based on his inmate grievances and the responses to those grievances attached to the complaint, a liver biopsy was not considered necessary when plaintiff began his treatment for Hepatitis C. See Order, filed 8-22-05, at 4. Rather, a biopsy in such situations was not a CDC treatment protocol until 2003. (Id..) In response to plaintiff's grievances it was also noted that the Interferon and Ribavirin treatment lowered the degree of plaintiff's hepatitis from Stage III or IV to Stage I, improved the condition of his liver and that the treatment was not harmful. Id. Plaintiff offers no allegations or evidence disputing such medical reports and conclusions. Plaintiff merely asserts that the Interferon treatment should not have continued for more than forty-eight weeks.

Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. See Sanchez v. Vild, 891 F.2d 240, 242

---

numbered chronologically, whether or not, it was numbered by the party. If the filing is lengthy, the document is divided into Parts and the first page begins with the page number one and the following page numbers continue in chronological order. When the undersigned refers to a page number for a pleading or document filed with this court, the court is using the CM/ECF page number, which may not coincide with the page number used by the parties.

(9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir. 1981). Therefore, the court will recommend that plaintiff's Eighth Amendment claim be dismissed for failure to state a claim.

Plaintiff's second cause of action is a state tort claim for negligence and medical malpractice. The district court may decline to exercise supplemental jurisdiction over a state law claim "if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Since the court will recommend that the claim over which it has original jurisdiction be dismissed, the court will also recommend that plaintiff's state law claim be dismissed without prejudice to its refiling in state court.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Eighth Amendment medical care claim be dismissed for failure to state a claim;

2. Plaintiff's state law claim be dismissed without prejudice to its refiling in state court; and

3. This action be dismissed with prejudice. See 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 29, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wash2510.56

3